### FIELD v. STOW.
### Patent Appeal No. 2785.

Court of Customs and Patent Appeals.
June 1, 1931.

See, also, 49 F.(2d) 840.

Frederick H. Gibbs, of Washington, D. C. (Donald U. Rich, of New York City, and Jacobi & Jacobi, of Washington, D. C., of counsel), for appellant.

Cyrus Kehr, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of invention to appellee.

The count in issue was taken from appellant's patent, No. 1,649,396, issued November 15, 1927. It reads: "In a mine car, wheel axles, still plates having bottom flanges thereon below the wheel axles, a floor supported on said sill flanges, and axle housings mounted on said floor and connected to said sills, said housings having a gradual slope on one side thereof."

The invention relates to improvements in mine cars.

Counsel for appellant moved to dissolve the interference on the ground that appellee had no right to make the claims constituting the counts in issue. The motion was denied by the Law Examiner.

Due to the fact that the date alleged in appellant's preliminary statement for conception of the invention was subsequent to the filing date of appellee, and, it having been held by the Law Examiner that appellee could make the claim constituting the count in issue, the Examiner of Interferences awarded priority of invention to appellee.

In its decision, the Board of Appeals, among other things, said:

"It is unnecessary to describe the structure in detail. It is sufficient to state that the question involved relates to a car floor which is supported by flanges at the lower edges of sills, the floor being below the car axles. In Field the floor rests upon the top of the flanges and in Stow it is riveted to the bottoms of the flanges. The count reads: 'A

floor supported on said sill flanges.' The party Field contends that the word 'on' must necessarily be construed as on top of the flanges. The party Stow urges that the word 'on' used in this connection is synonymous with by. * * * It is unnecessary, in our opinion, to enter into a discussion of this matter generally as it is our view that there was nothing that barred the party Stow from inserting a generic claim in his application.

"* * * The only question left for our determination is the meaning of the count. There appears to be no question but that the word 'on' under certain conditions clearly indicates a position above something but when the word is coupled with 'supported,' as in this instance, it is our view that engineers and mechanics generally would not regard the use of the word as so limited. We feel confident that a statement that a floor is supported on sills would not necessarily mean that the floor is above the sills. This language, we believe, merely indicates that the floor is supported by sills rather than by something else. If this is the correct interpretation of the meaning of the word, we consider that it should be applicable to flanges carried by the sills also, and we consider that the count properly reads upon the disclosure of the party Stow."

Counsel for appellant contends that appellee cannot make the count in issue because it is expressly limited to "a floor *supported on* said sill flanges," in accordance with the disclosure in appellant's patent, whereas, appellee discloses in his application a floor riveted to the bottom of, and supported by, but not on, the sill flanges. (Italics ours.)

Counsel for appellee, on the contrary, contends that the words "supported on" contained in the involved count are synonymous with the words "supported by"; and that, as the floor disclosed in his application is supported by, although underneath, the sill flanges, appellee has a right to make the count.

We are unable to agree with the conclusion reached by the Patent Office tribunals.

Appellant had the right to expressly limit his patent claim, as he did, to a floor supported on sill flanges.

The language "a floor supported on sill flanges," in our opinion, means a floor in contact with the upper surfaces of the sill flanges. Had the count defined a floor supported by sill flanges, it would have been sufficiently comprehensive to cover a floor in contact with either the upper or the lower surfaces of the flanges.

In view of the fact that appellee disclosed a floor riveted to the bottom of the flanges, his floor is supported by, but certainly not on, the flanges.

For the reason stated, we are of opinion that appellee cannot make the claim constituting the count in issue. The decision of the Board of Appeals is therefore reversed.

Reversed.